## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4432 | **DATE** | 8/7/2008 |
| **CASE TITLE** | Airtex Products, LP vs. Asian Century Industries et al. | | |

**DOCKET ENTRY TEXT**

This case is hereby dismissed without prejudice for failure to adequately allege diveristy jurisdiction. Plaintiff has until 9/8/08 to file an amended complaint that sufficiently alleges diversity jurisdiction or some other basis for federal jurisdiction.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

### STATEMENT

　　On August 6, 2008, Plaintiff Airtex Products, LP filed suit against Defendants Asian Century Industries (Tianjin) Ltd. and Tony Kuo seeking a declaratory relief. Plaintiff contends that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a). (R. 1-1, Compl. at ¶26.) In support of this contention, Plaintiff alleges that it is a limited partnership comprising two partners, UCI-Airtex Holdings, LLC and Airtex Industries, LLC. Plaintiff further alleges that UCI-Airtex Holdings, LLC and Airtex Industries, LLC are "corporation[s] organized under the laws of and incorporated in the State of Delaware" with principal places of business in Indiana. (R. 1-1, Compl. at ¶¶18, 19.)

　　　After examining the Complaint at the outset as it must, *see Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998), the Court finds that the jurisdictional allegations are deficient. *See also Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("enjoin[ing] upon bench and bar alike the importance of scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts"). In particular, the Complaint makes no allegations whatever regarding the identity or citizenship of UCI-Airtex Holdings' or Airtex Industries' members. This is a critical shortcoming because "[t]he citizenship for diversity purposes of a limited liability company, [ ] despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (parentheses in original). Indeed, the Seventh Circuit has found allegations similar to those here to be insufficient to invoke the Court's diversity jurisdiction.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**STATEMENT (CONT.)**

> Before the district court and in this court it was asserted that 'Pirelli was and is a citizen of the State of Delaware, being a limited liability company incorporated under the laws of the State of Delaware, formerly having its principal place of business in Connecticut and currently having its principal place of business in Georgia.' However, limited liability companies are *unincorporated* entities, and, for diversity purposes, limited liability companies are citizens of every state of which any member is a citizen.

*Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 (7th Cir. 2004) (emphasis original; certain internal quotation omitted)); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). Accordingly, citizenship "must be traced through however many layers of partners or members there may be." *Meyerson*, 299 F.3d at 617; *Guaranty Nat. Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996); *see also GNB Battery Tech., Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995) (noting that "because the Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction, the district court must possess an independent basis for jurisdiction" (internal citation omitted)). Plaintiff here did not do so. Because diversity of citizenship is not evident, the Court dismisses the Complaint *sua sponte* without prejudice. *See, e.g., Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Plaintiff has until September 8, 2008 to file an amended complaint sufficiently alleging diversity jurisdiction or some other basis for federal jurisdiction.